UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

MEYER EHRMAN

           Debtor.

---

MARINA DISTRICT DEVELOP-
MENT CO. LLC T/A BORGATA

           Plaintiff,

v.

MEYER EHRMAN

           Defendant.

---

Chapter 11
Case No. 09-23212-rrd

Adversary Proc. No. 09-08308-rrd

## AFFIDAVIT OF M. RICHARD SCHEER, ESQ. IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SECOND COUNT OF COMPLAINT

STATE OF NEW JERSEY:
           ss:
COUNTY OF UNION   :

M. RICHARD SCHEER, of full age, being duly sworn upon his oath, deposes and says:

1. I am member of the law firm of Craner, Satkin, Scheer & Schwartz, P.C., attorneys for the plaintiff in the above-entitled Adversary Proceeding.

2. Defendant moves before the Court on September 21, 2010 to dismiss the Second Count of the Complaint brought by the plaintiff. While he points out that there was an error in the Complaint seeking to deny the debtor a Chapter 7 discharge, nonetheless, the Complaint is directed to the defendant's bankruptcy as a Chapter 11 bankruptcy.

3. The motion is premature as fully responsive answers to plaintiff's discovery remain outstanding. Despite submission of partial answers to the discovery request of plaintiff, the defendant has not provided fully responsive answers to the Interrogatories and Supplemental

Interrogatories for which the plaintiff's motion to compel discovery is pending on September 21 as well.

4. Upon receipt of fully responsive answers to Interrogatories, plaintiff reserves its right to further its discovery by deposition. Such further discovery may likely lead to proofs as to plaintiff's allegations in the Second Count.

5. Prior to the filing of this bankruptcy, the defendant had fraudulently transferred real estate to his wife. Additionally, the defendant and his wife are the sole shareholders of a corporation known as Sharmey Realty Inc., of which the defendant has a 50% interest. Although the defendant, prior to filing the bankruptcy, had the real estate re-conveyed to him and his wife. In a prior deposition taken prior to the filing of bankruptcy as a supplemental proceeding to the state court summary judgment rendered in New Jersey, it was determined that certain mortgage payments were made for the residence address out of the business entity defendant operates, Screenco Screening Inc., at the property defendant owns in West New York, NJ, held in the name of Sharmey Realty Inc.

6. The receipt of the discovery documents and information are still outstanding, despite correspondence to defense counsel. This discovery has not been provided. The motion filed by the plaintiff to compel discovery may provide the facts to support the allegations in the Second Count of the Complaint to the effect that the defendant has not been candid with this Court.

M. RICHARD SCHEER

Sworn to and subscribed before me this
13th day of September, 2010

VALERIE A. ZIEGLER
(0004949) Notary Public Of New Jersey
My Commission Expires 9/17/2012

2